**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

MARISSA EMOND, )
)
Plaintiff, )
)
v. )
)
THEORY WELLNESS, INC., )
)
Defendant. )

**COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff Marissa Emond complains against Defendant Theory Wellness Inc. and demands a trial by jury as follows:

**PARTIES, JURISDICTION, and VENUE**

1. Plaintiff Marissa Emond resides in Gardiner, Kennebec County, Maine.

2. Theory Wellness, Inc. is, upon information and belief, a Massachusetts corporation which is registered with the Maine Secretary of State to do business in Maine as Theory Wellness of Maine, LLC, with retail locations in Augusta, Bangor, Kittery, South Portland, and Waterville, Maine.

3. Jurisdiction is proper under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

4. Venue is proper in the District of Maine under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Maine. Under Rule 3(h) of the Rules of this Court, this action should be tried in Bangor because Plaintiff resides in Kennebec County and because she was employed in Kennebec County when the events at issue occurred.

## FACTUAL ALLEGATIONS

5. Theory Wellness hired Plaintiff as a Compliance Manager in November 2020. She worked primarily in Waterville, Maine.

6. In October 2024, a chemist from the State of Maine Office of Cannabis Policy (an agency within the State of Maine Department of Professional and Administrative Services) came to the Waterville Theory Wellness location to inquire about and discuss a series of tests relating to the "tincture," or THC potency, of one or more Theory Wellness cannabis products. A "failed" tincture test is another way of saying that a cannabis product contains more THC than permitted under Maine laws and regulations.

7. The Chemist was concerned about the fact that a particular batch of Theory Wellness cannabis product "failed" the tincture test in September 2024, yet the same batch of the same product "passed" in October 2024.

8. Based on Plaintiff's daily interactions with MCR Labs and with her compliance supervisors, she knew that MCR Labs lied to the State Chemist relative to the October 2024 test results. Despite knowing that the cannabis product in question was still too potent (it "failed" the tincture test in September <u>an</u>d October), MCR Labs submitted test results from a different Theory Wellness cannabis product which had "passed" the tincture test and misrepresented to the State Chemist that the product in question had passed.

9. When the Chemist came to the Waterville retail store in October 2024, Plaintiff disclosed the truth, that is, that MCR Labs submitted false test results

about the Theory Wellness product to the State Chemist and Theory Wellness intended to sell a cannabis product that wasn't in compliance with applicable Maine laws or regulations. Plaintiff further truthfully disclosed to the State Chemist that MCR Labs and her supervisors at Theory Wellness may attempt to later characterize the truth as a "data entry error" or some other "innocent" mistake.

10. On February 10, 2025, Theory Wellness terminated Plaintiff's employment, purportedly because her position had been "eliminated."

**<u>COUNT I</u>**
**26 M.R.S. § 833**
**Whistleblower Retaliation**

11. Plaintiff repeats the allegations contained in Paragraphs 1 through 10.

12. Plaintiff engaged in activity protected under the Maine Whistleblower's Protection Act, 26 M.R.S. §§ 831-840 ("MWPA"); to wit, acting in good faith, she reported to her employer what she had reasonable cause to believe were violations of state or federal laws, rules, or regulations and/or conditions or practices that put at risk the health or safety of Plaintiff and/or others.

13. Defendant subjected Plaintiff to adverse employment action, to wit: Defendant terminated her employment, all because Plaintiff made such reports and complaints, all in violation of the MWPA.

14. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MWPA and MHRA:

A. Reinstatement, or front pay in lieu of reinstatement;

B. Back pay from February 10, 2025, with prejudgment interest;
C. Compensatory damages;
D. Punitive damages;
E. An award of reasonable attorney's fees and all costs; and
F. All other damages to which Plaintiff may be entitled.

Dated: August 19, 2026


*/s/ James A. Clifford*
James A. Clifford
james@cliffordclifford.com

*/s/ Andrew. P. Cotter*
Andrew P. Cotter
andrew@cliffordclifford.com

CLIFFORD & CLIFFORD, LLC
10 Moulton Street, 5th Floor
Portland, ME 04101
(207) 613-9465